UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL C. WILLIAMS,

Movant,

v.  401CV089
    499CR241-01

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is 28 U.S.C. § 2255 habeas movant Michael Williams' motion pursuant to F.R.Civ.P. 60(b)(4), in which he seeks relief from the Court's denial of his habeas petition because, he argues, the Court's judgment was entered "without notice to the defendant" and is therefore "void." Doc. # 51.

Specifically, Williams argues that this Court never acquired personal jurisdiction over [his] original § 2255 [motion] because ... it never served process ... [and,] as a party who had not been served with process, he was under no duty to answer, amend or file a motion and therefore did not waive [his] right to object to the district court's jurisdiction." *Id.* at 1. Additionally, he claims, the district court's failure to "issue a notice to provide [him an] opportunity to withdraw or amend his § 2255 [motion]" renders the Court's jurisdiction "void." *Id.* at 2. As a result, he moves the Court to vacate the dismissal of his § 2255 motion, and allow him to amend his petition. *Id.*

Rule 60(b)(4) provides that, "upon motion and just terms," a court may relieve a party from a final judgment, order, or proceeding if it finds that "the judgment is void." F.R.Civ.P. 60(b)(4).[1] Pursuant to that rule, a movant may attack a judgment for lack of jurisdiction over his person at any time, since a judgment rendered without jurisdiction over the person (i.e., because of insufficient service of process) is void. *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982).

Williams' argument for relief, however, is without merit, as it is inconceivable that the Court lacked jurisdiction over him. In 2000, this Court accepted Williams' guilty plea and imposed his sentence in the underlying criminal case. *See* Case No. 499CR241-01, doc. ## 11, 12. Pursuant to § 2255(a), a prisoner seeking relief "may move the *court which imposed the sentence* to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Therefore, this Court has personal jurisdiction over Williams for purposes of the § 2255 motion, and Williams cannot logically attack personal jurisdiction when he is the party who invoked the Court's jurisdiction in the first place.

Moreover, service upon Williams was not a prerequisite to this Court's jurisdiction over his person. Service upon a filing party of the very document that the party has filed would be needlessly duplicative and a waste of resources. Accordingly, Rule 3(b) of the Rules Governing § 2255 Proceedings requires only that the clerk, upon receipt and filing of the motion, enter the motion on the criminal docket of the relevant case, and "then deliver and serve a copy of [it] on the United States attorney in that district, together with a notice of its filing." Rule 3(b), Rules Governing Section 2255 Proceedings for the United States District Courts. There is no requirement, in the Rules or otherwise, that

---

[1] Rule 60 is made applicable to habeas proceedings by F.R.Civ.P. 81(a)(4) and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

the moving party be served with a copy of his own motion.

Thus, as Williams has not demonstrated that the judgment dismissing his § 2255 habeas motion is void, he has not shown that he is entitled to relief pursuant to Rule 60(b)(4). His Rule 60(b)(4) motion, doc. # 51, therefore, is *DENIED*.

Within the same document, Williams also seeks an "opportunity to amend his § 2255 [motion]." Doc. # 51 at 2. Although a habeas movant -- like any other litigant -- may seek leave to amend, he nonetheless bears the burden of establishing why justice requires allowance of the amendment. F.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] *when justice so requires*.") (emphasis added).[2] Williams has presented no support for his request to amend, and therefore, his request, doc. # 51, is *DENIED*.

This day of 18 February 2009.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Rule 15 is made applicable to habeas proceedings by 28 U.S.C.A. § 2242, F.R.Civ.P. 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Cases for the United States District Courts.

2